UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR FRAUD INVESTIGATION | ) ) ) ) ) ) ) | ML No: 22-351 |

Reference:    DOJ Ref. # CRM-182-82649

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Margarita I. Pendarvis, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence and to take such other action as is necessary to execute this and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from Kingdom of Belgium (Belgium).  In support of this application, the United States asserts:

RELEVANT FACTS

1.    The Central Authority of Belgium, the Federal Public Service Justice, submitted a request for assistance (the Request) to the United States, pursuant to the Instrument as contemplated by Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed 25 June 2003, as to the application of the Treaty Between the United States of America and the Kingdom of Belgium on Mutual Legal

Assistance in Criminal Matters signed 28 January 1988, Belg.-U.S., Dec. 16, 2004, S. TREATY DOC. NO. 109-13 (2006) (the Treaty). As stated in the Request, the Public Prosecutor's Office of East Flanders, in Belgium is investigating Unknown Subjects for internet fraud and money laundering, which occurred in or about June 2021, in violation of the criminal law of Belgium, specifically, 496-504, and 505 of the Belgian Criminal Code.  Under the Treaty, the United States is obligated to assist in response to the Request.

2. According to Belgian authorities, Victim Company 1, located in Belgium, conducted regular business via email with Victim Company 2, located in the State of Texas.  On May 25, 2021, Victim Company 1 received an email from the Vice President (VP) of Victim Company 2, confirming payment details for performing a service.  However, on the next day, May 26, 2021, Victim Company 1 received another email from the VP of Victim Company 2, stating that the bank details had changed and the invoice had to be paid to JP Morgan Chase Bank account number XXXX5371, located in the United States.  Since these companies had an established business relationship, on June 18, 2021, Victim Company 1 transferred USD 80,517 to JP Morgan Chase Bank account number XXXX5371.  On June 19, 2021, Victim Company 2 communicated with Victim Company 1, warning that fake emails were circulating, and on June 30, 2021, Victim Company 2 confirmed that its email account had been hacked and the JP Morgan Chase Bank account number XXXX5371 did not belong to Victim Company 2.

3. To further the investigation, Belgian authorities have asked U.S. authorities to provide bank records pertaining to JP Morgan Chase Bank account number XXXX5371 and to interview the account holder(s), if they are located in the United States.

LEGAL BACKGROUND

4. A treaty[1] constitutes the law of the land. U.S. Const. art. VI, cl. 2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." United States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

5. The United States and Belgium entered into the Treaty to promote more effective judicial cooperation and assistance between the parties in criminal matters. See Treaty, pmbl. The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, and records, and executing searches and seizures. Annex, Article 1. In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests. Annex, Article 16 ("The judicial authorities of the Requested State shall have jurisdiction to issue subpoenas, search warrants or other orders necessary to execute the request.").

6. When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
> \*              \*              \*
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
> \*              \*              \*
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

7. Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2] This section provides clear authority for the federal courts, upon application duly

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093

authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

8. An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[4] Upon such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things. *See* 18 U.S.C. § 3512(a)(1)--(b)(1). In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence. 18 U.S.C. § 3512(a)(1).

9. Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents. The appointed person has authority

---

(2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . . Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA." Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge. See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena." Any such subpoena may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f).

REQUEST FOR ORDER

10.     The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority," the the Federal Public Service Justice, the designated Central Authority in Belgium, and seeks assistance in the investigation of internet fraud and money laundering – criminal offenses in Belgium.. The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank records and witness interview(s), falls squarely within that contemplated by Section 3512 and the Treaty. Finally, this application was properly filed in the District of Columbia.

11.     This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

12.     When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions. Because subpoenas utilized in U.S.

criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients. This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance. Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987). Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person(s) or entity(ies) other than the recipient(s) of any given commissioner subpoena.

13.     Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Margarita I. Pendarvis, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's

subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent, supplemental requests in connection with the same matter, in a manner consistent with the intended use of the evidence.

                                        Respectfully submitted,

                                        VAUGHN A. ARY
                                        DIRECTOR
                                        OFFICE OF INTERNATIONAL AFFAIRS
                                        OK Bar Number 12199

By: _____
      Margarita I. Pendarvis
      Trial Attorney
      D.C. Bar Number 888283921
      Office of International Affairs
      Criminal Division, Department of Justice
      1301 New York Avenue, N.W.
      Washington, D.C. 20530
      (202) 307-0464
      Margarita.Pendarvis@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR FRAUD INVESTIGATION | ML No: 22-351 |

*Reference:*   *DOJ Ref. # CRM-182-82649*

ORDER

Upon application of the United States seeking an order, pursuant to 18 U.S.C. § 3512, appointing Margarita I. Pendarvis, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to execute the above-captioned request from Belgium (the Request) to collect evidence for use in a criminal investigation, prosecution, or proceeding in Belgium, and any subsequent, supplemental requests, and the Court having fully considered this matter,

IT IS THEREFORE ORDERED, pursuant to the authority conferred by 18 U.S.C. § 3512, that Margarita I. Pendarvis (or a substitute or successor designated by the Office of International Affairs) is appointed as a commissioner of this Court (the commissioner) and is directed to execute the Request and any subsequent, supplemental requests made by Belgium in connection with the above-captioned investigation and prosecution and to take such steps as are necessary to collect the evidence requested in this or any subsequent, supplemental requests in connection with the same criminal matter.  In doing so, the commissioner:

1.	may issue commissioner's subpoenas to be served at any place within the United States on persons (natural and legal) ordering them or their representatives to appear and to testify and/or produce evidence located within the United States;

2.	shall adopt procedures to collect the evidence requested consistent with its use in the investigation, prosecution, or proceeding in Belgium for which the Public Prosecutor's Office of East Flanders, has requested assistance, which may be specified in the Request or subsequent requests in this matter or provided by, or with the approval of, the Federal Public Justice Service;

3.	may, in collecting the evidence requested, be assisted by persons whose presence or participation is authorized by the commissioner, including, without limitation, individuals employed by U.S. law enforcement agencies and/or representatives of Belgium who, as authorized or directed by the commissioner, may direct questions to any witness;

4.	may seek such further orders of this Court as may be necessary to execute this Request, or subsequent requests in this matter including orders to show cause why persons served with commissioner's subpoenas who fail to appear and/or produce evidence should not be held in contempt; and

6.	shall transmit the evidence collected to Belgium.


Date: _____	_____
	UNITED STATES MAGISTRATE JUDGE